**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TERRIE VANPELT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 3:12-cv-4196** |
| **BKM TOTAL OFFICE OF TEXAS, LLC** | § | |
| | § | |
| | § | |
| **Defendant.** | § | **Jury Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Terrie Van Pelt ("Plaintiff" herein) brings this Fair Labor Standards Act ("FLSA") suit against BKM Total Office of Texas, LLC ("Defendant" or "BKM" herein):

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one-and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendant failed to pay Plaintiff in accordance with the Fair Labor Standards Act. Specifically, Plaintiff was misclassified as an exempt employee, and as a result, Defendant failed to pay Plaintiff at time and one half her regular rate of pay for hours worked in excess of 40.

## II. PARTIES

3. Plaintiff Terrie Vanpelt is an individual who was employed by Defendant within the meaning of the FLSA and within the three year period preceding the filing of this complaint. She hereby consents to be a party in this action and her consent form is attached as "Exhibit A".

4. Defendant BKM Total Office of Texas, LLC ("BKM" or "Defendant", herein) is a Texas limited liability company doing business in this judicial district. BKM can be served with process through its registered agent, Carol Roehrig, 9755 Clifford Drive, Suite 100, Dallas, Texas 75220.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

6. Venue is proper in the Northern District of Texas because the events forming the basis of the suit occurred in this District.

## IV. COVERAGE

7. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce

or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

12. BKM is a company that specializes in designing office space and selling office furniture. The company does over $500,000.00 per year of gross sales. BKM orders and installs goods that were and are manufactured outside of the state of Texas and have moved in interstate commerce.

13. Plaintiff was employed by Defendant as a Human Resources coordinator within the company from approximately September 16, 2006 until May 31, 2012.

14. Plaintiff's job duties primarily consisted of processing various types of paperwork including insurance forms, new hire forms, termination forms and payroll. She performed various other non-discretionary duties associated with her role as HR Coordinator. Plaintiff was not permitted to, and did not make any major decisions on behalf of the company. Plaintiff did not supervise any employees.

15. Plaintiff routinely worked over 40 hours in a work week. However, Defendant did not pay Plaintiff time-and-one-half her regular rate of pay for the hours that she worked over 40

hours per week. Instead, Plaintiff was paid the same salary, regardless of how many hours she worked. In short, Plaintiff was misclassified as an exempt employee.

16. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff. Plaintiff complained to the company's Chief Financial Officer about the company's failure to pay overtime. The CFO told her the company was "willing to take its chances" on not paying Plaintiff her overtime compensation.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

17. During the relevant period, Defendant has violated and is violating the provisions of Sections 7 of the FLSA, 29 U.S.C. § 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

## VIII. RELIEF SOUGHT

WHEREFORE, cause having been shown, Plaintiff prays that she recovers from Defendant, the following:

A. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

B. All unpaid wages and overtime compensation;

C. An equal amount as liquidated damages as allowed under the FLSA;

D. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

E. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

Such other relief as to which Plaintiff and the opt-in Plaintiffs may be entitled.

Respectfully submitted,

__/s/ *J. Derek Braziel*______________

**J. DEREK BRAZIEL**
Texas Bar No. 00793380
**MEREDITH MATHEWS**
Texas Bar No. 24055180
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar St. Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFF**